## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEY CAT ALLIES INCORPORATED, <br><br> and <br><br> SAVE-A-GATO, INC. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES NATIONAL PARK SERVICE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-04269 (CKK) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME AND FOR ENTRY OF A BRIEFING SCHEDULE

Defendants respectfully submit this Reply in Support of their Motion for an Extension of Time and for the Entry of a Briefing Schedule, Dkt. 52 ("Motion for Time"). For the reasons previously provided, and for those herein, Defendants request entry of an extension of time to file a response to Plaintiffs' Partial Motion for Summary Judgment, Dkt. 50 ("Motion"), as part of the briefing schedule that Defendants proposed in their Motion for Time. Under Defendants' proposal, Defendants response to the Motion would be due on May 11, 2026—and briefing would conclude in less than three months—by June 22, 2026.

Plaintiffs oppose the Motion for Time—claiming that "Defendants have created an existential crisis for Plaintiffs' and a deadly threat to the community cats of the Paseo del Morro National Recreation Trail … by abruptly closing the Paseo with little notice and time for Plaintiffs to prepare." Dkt. 53 at 1. But Plaintiffs ignore the fact that the Court, in denying

1

Plaintiffs' motion for a preliminary injunction, found their claim of irreparable harm to Plaintiffs and to cats living within the area of the closure unconvincing for multiple reasons.  Dkt. 35 at 27-30.  Two months have passed since the Court's order denying Plaintiffs' motion for an injunction. It is therefore implausible that granting Defendants' Motion for Time will unacceptably prolong "daily harms."  Dkt. 53 at 1.[1]

Next, Plaintiffs propose only providing Defendants with a seven-day extension of time to respond to their 45-page brief.  Dkt. 53 at 2.  But for the reasons explained in Defendants' Motion for Time, such a short extension would not offer the undersigned sufficient time to review and respond to the Motion because of previously scheduled and existing conflicts.  Such conflicts, contrary to Plaintiffs' suggestions, were not created in an effort to "demand a slow" briefing schedule—but are based completely on the reasons set forth in Defendants' Motion for Time.  In particular, given the timing of Plaintiffs' Motion, undersigned will have very little time to work on Defendants' response brief prior to April 13 due to pre-scheduled work-related travel. Nor could undersigned have planned around these conflicts, because the timing of Plaintiffs' Motion, while perhaps not improper, was certainly unexpected and not consistent with typical practice in an APA case—since a scheduling order had not even issued.

With respect to that point, Defendants are not (contrary to Plaintiffs' argument) proposing a briefing schedule now to in an effort to "execute" a "litigation strategy."  As explained, as is the typical practice in cases involving the judicial review of administrative agency actions under the APA, a briefing schedule that modifies the Local Rule 7(b) schedule should be adopted to govern

---

[1] For similar reasons, Defendants are unwilling to enter into Plaintiffs' unabashed offer to "horse-trade" a briefing schedule in exchange for the access to the Paseo that Plaintiffs previously sought (and were denied) in their preliminary injunction seeking emergency relief from the Park Service's safety closure.

the resolution of the Motion, and any future dispositive motions in this case.  In fact, in *Alley Cat Allies Incorporated, et al., v. United States Nat'l Park Serv., et al.*, ("*ACA I*") 1:24-cv-00876-RDM, wherein the same Plaintiffs are directly challenging the Park Service's Cat Management Plan, the parties have jointly proposed and followed similar briefing schedules as the one proposed in Defendants' Motion for Time.[2]  In *ACA I*, the parties are currently operating under a jointly proposed "expedited summary judgment briefing schedule to resolve the merits" of the case.  *See ACA I*, Dkt. 64 at 2.  The schedule in *ACA I* was negotiated with notice, ahead of time, allowing the parties to schedule around their respective conflicts, and thus, the "expedited" schedule provided Defendants over 30-days for their response to Plaintiffs' initial summary judgment motion, and similarly, provided Plaintiffs with 30-days to file their reply and response thereto.  *Id.*  Here, the briefing schedule proposed in Defendants' Motion for Time is commensurate with those schedules previously agreed to by these very same parties.  *See also, ACA I*, Dkt. 23.

In sum, good cause exists to enter Defendants' proposed schedule because it is reasonable and will still result in a timely and rather expedited resolution of the claims presented in the Motion.  There is no need for a more expedited resolution, particularly for only some of the claims, as the Court determined in its ruling denying Plaintiffs' motion for preliminary injunction that "the Cliff Project closure will not harm the cats within the closure in a way that causes irreparable harm to the TNR program, [and] the closure will not cause Plaintiffs irreparable harm."  Dkt. 35 at 26.  Thus, a schedule like that proposed in the Motion for Time is necessary to allow Defendants time to adequately respond to the Motion for Partial Summary Judgment in

---

[2] Undersigned has not been able to begin working on a response brief earlier because counsel has, ironically, been drafting and filing a reply brief to conclude summary judgment briefing in *ACA I*, per a schedule jointly agreed upon by the parties.

light of conflicts to counsel's schedule, and further, such a schedule is facially reasonable and consistent with briefing schedules entered in similar cases.

Respectfully submitted this 30th day of March 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Alexa V. Penalosa*
ALEXA V. PENALOSA (AZ 038005)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 305-0492
Email: alexa.penalosa@usdoj.gov

ROMNEY S. PHILPOTT (Colo. # 35112)
Senior Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street, 6th Floor—Suite 600
Denver, CO 80305
Phone: (303) 844-1810
Email: romney.philpott@usdoj.gov

*Attorneys for Federal Defendants*